# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI ANDRUKAITIS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Case No.:** |
| ) | |
| COLLECTION MANAGEMENT ) | **COMPLAINT AND DEMAND FOR** |
| COMPANY d/b/a CMC - CREDIT ) | **JURY TRIAL** |
| MANAGEMENT COMPANY, ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| Defendant ) | |

## COMPLAINT

LORI ANDRUKAITIS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against COLLECTION MANAGEMENT COMPANY d/b/a CMC - CREDIT MANAGEMENT COMPANY ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDPCA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant has an office and conducts business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Wilkes Barre, Pennsylvania 18705.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a national debt collection company with corporate headquarters located at 2121 Noblestown Road, Pittsburgh, PA 15205.

9. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant contacted Plaintiff in its attempts to collect a consumer debt.

12. The alleged debt arose out of transactions, which were primarily for personal, family, or household purposes, as Plaintiff has no business debt.

13. Beginning in September 2014, Defendant placed repeated and continuous calls to Plaintiff's cellular telephone in its attempts to collect the alleged debt.

14. Defendant never disclosed to Plaintiff the name of the creditor to whom the debt was allegedly owed; rather, it would only tell her the amount it was seeking to collect.

15. On more than one occasion, Plaintiff demanded that Defendant stop calling her cellular telephone.

16. Defendant, however, never updated its records to restrict calls to Plaintiff's cellular telephone.

17. Instead, Defendant continued to call Plaintiff on her cellular telephone, each time knowing that its calls were unwanted.

18. For example, Defendant called Plaintiff on September 11, 2014, at 2:41 p.m.; September 15, 2014, at 6:15 p.m.; September 19, 2014, at 10:35 a.m.; and September 23, 2014, at 4:17 p.m.

19. Once Defendant was aware that Plaintiff did not wish to be contacted there was no legitimate reason for additional calls, other than for the purposes of harassment.

20. Finally, within five (5) days of its initial communication with Plaintiff, Defendant failed to send her written notice informing her of her right to dispute the debt and/or request verification of the debt, as well as to request the name and address of the original creditor.

## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

20. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692d.

    a. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt.

    b. Defendant violated § 1692d of the FDCPA when it called Plaintiff continued to call Plaintiff on her cellular telephone after being told to stop calling her.

### COUNT II

21. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

    a. A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b. Here, Defendant violated § 1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its records to stop calling Plaintiff, after being informed to stop calling her cellular telephone, as well as failing to disclose the name of the creditor to whom the debt was owed to Plaintiff.

## COUNT III

22. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

    a. A debt collector violates section 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the

        validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

    b.    Here, Defendant violated § 1692g(a) by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising her of her rights to dispute the debt or request verification of the debt.

WHEREFORE, Plaintiff, LORI ANDRUKAITIS, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LORI ANDRUKAITIS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: October 24, 2014

By: /s/ Craig Thor Kimmel
Craig Thor Kimmel
PA. No. 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com